IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Steven L. Saunders,  )
    Petitioner,  )
  )
v.  )    1:09cv1204 (TSE/IDD)
  )
Director, Department of Corrections,  )
    Respondent.  )

## MEMORANDUM OPINION AND ORDER

Steven L. Saunders, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions of drug and firearms offenses in the Circuit Court for Colonial Heights, Virginia. By Order dated November 2, 2009, petitioner was directed to show cause why the third claim of this petition should not be procedurally barred from federal review, and he filed his response on November 25, 2009. In addition, petitioner has paid the statutory filing fee of $5.00. Because two of petitioner's claims do not state cognizable predicates for relief under § 2254, and his third claim is procedurally defaulted from review, the petition must be dismissed.

I.

Following a bench trial, Saunders was convicted in the Circuit Court for Colonial Heights, Virginia of possession of cocaine with intent to distribute, and was sentenced on December 18, 2007 to twenty (20) years' imprisonment with seventeen (17) suspended. Apparently on the same date, Saunders was convicted in a separate case of possession of a schedule I or II drug while in possession of a firearm, and received a sentence of two (2) years in prison.[1] Saunders v. Dir., Dep't of

---

[1] Petitioner's submissions state that the convictions occurred on the same date. Compl. at 1. Whether or not that actually was so is immaterial to the issues before the Court.

Corrections, R. No. 090477 (Va. Aug. 7, 2009). Saunders appealed his convictions, arguing that a motion to suppress an unlawful search and seizure was wrongfully denied, and the Virginia Court of Appeals denied relief on June 5, 2008. Pet. at 3. On January 6, 2009, the Virginia Supreme Court refused Saunders' petition for further review. Id. Saunders thereafter filed separate petitions for state writs of habeas corpus as to his two convictions with the Virginia Supreme Court. Both petitions were dismissed on August 7, 2009, and Saunders filed this federal proceeding on October 19, 2009, raising the following claims:

1. The denial of his motion to suppress an illegal search and seizure violated his rights under the Fourth Amendment to the United States Constitution.

2. The search warrant was invalid, in violation of Article I, Section 10 of the Virginia Constitution.

3. The search warrant expired before it was executed, in violation of state and federal law.

Because claims 1 and 2 are not cognizable predicates for federal habeas corpus relief, and claim 3 is procedurally defaulted from federal consideration, this petition must be dismissed.

## II.

In his first claim, Saunders asserts that his rights under the Fourth Amendment were violated by an unlawful search and seizure. In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Pursuant to Stone, a federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that a Fourth Amendment violation did occur but was harmless, unless it

determines that the state did not provide the petitioner an opportunity for full and fair litigation of that claim. Hughes v. Dretke, 412 F.3d 582 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit Court of Appeals has observed, "Stone ... marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982).

In this case, Saunders unsuccessfully challenged the denial of his motion to suppress on direct appeal. Thereafter, he argued in his petition for a state writ of habeas corpus both that the trial judge "had no knowledge of the Fourth Amendment" and consequently wrongly overruled the motion to suppress, and that trial counsel provided ineffective assistance with respect to challenging the lawfulness of the search. Importantly the Virginia Supreme Court rejected both contentions, finding that the first was barred and that the allegations regarding counsel's performance satisfied neither prong of the two-part test for ineffective assistance of counsel enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Saunders, R. No. 090599, slip op. at 1 - 3. Therefore, it is apparent that the Commonwealth provided petitioner with an ample and appropriate opportunity for full and fair litigation of his Fourth Amendment claim. Hughes, 412 F.3d at 582. Accordingly, Stone precludes federal habeas corpus review of this claim.

In his second claim, Saunders argues that the allegedly invalid search warrant violated the Virginia Constitution. Even if true, such a circumstance provides no basis for relief under § 2254. It is well established that the scope of federal habeas review is limited to questions of the federal Constitution or laws, and does not extend to the examination of a state court's interpretation and application of a state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151

3

F.3d 151, 157 (4th Cir. 1998). Saunders states that he unsuccessfully raised his state constitutional challenge to the search warrant on direct appeal, Pet. at 7- 8, but the appeal was dismissed. Because Saunders' second claim rests solely on an alleged misapplication of Virginia law which was rejected by the Virginia courts, his claim states no basis for § 2254 relief and must be dismissed.

In his third claim, Saunders contends that the search warrant had expired and hence was invalid because thirteen days elapsed before it was executed, in violation of both state and federal law. When Saunders first made this argument in his application for a state writ of habeas corpus, the Virginia Supreme Court, relying on Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E. 2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975), found that the claim was "barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus." Saunders, R. No. 090599, slip op. at 4. This express finding of procedural bar also precludes federal review of the claim. Such a finding is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must rely explicitly on a procedural ground to deny a § 2254 petitioner relief, and second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements are met, a federal court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S.

4

at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Because the Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision," Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997), those requirements are met here, and Saunders' third claim hence is procedurally defaulted from federal review.

In the Order of November 2, 2009, Saunders was provided with the opportunity to show cause why his third claim should not be dismissed as procedurally defaulted, in accord with Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). In his Response to the Order, Saunders argues that the default of his third claim in the state forum was caused by ineffective assistance of counsel, because his attorney failed to object to the execution of the allegedly expired search warrant. (Docket # 4). However, as such a claim of ineffective representation has not been presented to and exhausted in the state courts, it is both unexhausted and defaulted, and it cannot serve as cause for the procedural default of the third claim of this petition. Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990).[2] Thus, the third claim of this petition is procedurally barred

---

[2]To be sure, petitioner did argue in his state habeas corpus proceeding that trial counsel provided ineffective assistance by not challenging the search warrant. However, there petitioner faulted counsel for failing to assert that there were "no facts supporting the issuance of the warrant, as petitioner had no part criminal history for distribution and Officer Chimera did not allege criminal activities occurring at petitioner's residence." Saunders, R. No. 090599, slip op. at 3. Thus, the ineffective assistance argument petitioner makes here to attempt to show cause for his default of claim three - namely, that counsel should have challenged the lawfulness of executing an expired

5

from consideration on the merits, and must be dismissed.

Accordingly, it is hereby

ORDERED that the petition for habeas corpus relief be and is DISMISSED WITH PREJUDICE.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner.

Entered this 30th day of March 2010.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia

---

search warrant - is distinct from the claim that was raised and rejected in the state forum. See Duncan v. Henry, 513 U.S. 364 (1995) (federal habeas claim is exhausted only when the same factual and legal arguments were first raised in the state courts).

6