IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Steven L. Saunders, )
    Petitioner, )
    )
v. ) 1:09cv1204 (TSE/IDD)
 ) Appeal No. 10-6541
Gene Johnson, )
    Respondent. )

MEMORANDUM OPINION

Steven L. Saunders, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the Circuit Court for the City of Colonial Heights, Virginia. In case number CR07-000101-01, Saunders was charged with possession of cocaine with the intent to distribute. In case number CR07-000101-02, Saunders was charged with possession of schedule I or II drug while in possession of a firearm. Saunders was convicted of both offenses on October 16, 2007, and was sentenced on December 18, 2007 to serve terms of imprisonment of twenty years within 17 years suspended for the possession of cocaine conviction, and two years for the firearms offense.

Following unsuccessful direct appeals and state habeas corpus actions, Saunders filed this application for § 2254 federal relief. As to his conviction of possession of cocaine with the intent to distribute, Saunders makes the following claims:

    1.    The denial of his motion to suppress an illegal search and seizure violated his rights under the Fourth Amendment to the United States Constitution.

    2.    The search warrant was invalid, in violation of Article I, Section 10 of the Virginia Constitution.

1

3. The search warrant expired before it was executed, in violation of state and federal law.

As to the firearms offense, Saunders makes the following argument:

4. The prohibition against double jeopardy was violated when he was charged with two crimes arising out of the same act.

By Memorandum Opinion and Order dated March 30, 2010, Saunders' federal habeas application was dismissed. However, in that Opinion, only claims 1 through 3 as listed above were perceived and discussed. Petitioner appealed the dismissal of his petition to the Fourth Circuit Court of Appeals. While the appeal was pending, petitioner wrote a letter addressed to the Clerk of this Court, inquiring why the fourth claim of his petition was not addressed. Review of the petition revealed that, as petitioner stated, consideration of his fourth claim for relief was inadvertently omitted from the Memorandum Opinion and Order. Therefore, a Memorandum of Intent was entered, indicating that petitioner's letter would be construed as a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b),[1] and would be granted so that the omitted claim could be addressed. See Fobian v. Storage Technology Corp., 164 F.3d 887, 891 (4th Cir. 1999). The Fourth Circuit Court of Appeals remanded jurisdiction to this Court for that purpose. Saunders v. Dir., Dep't

---

[1]Relief under Rule 60(b) is available for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

of Corrections, Case No. 10-6541 (Sept. 10, 2010), ECF # 16. By Order entered March 4, 2011, petitioner's letter / motion for reconsideration was granted, and petitioner was directed to demonstrate within thirty (30) days whether claim 4 of this petition was raised in a state habeas petition in the Supreme Court of Virginia, and if not, to show cause it should not be barred from federal review due to its procedural default. Petitioner filed a response on April 4, 2011.[2] ECF # 20. For the foregoing reasons, the Memorandum Opinion and Order entered March 30, 2010 will be vacated, and this Memorandum Opinion and the accompanying Order will be substituted. The petition for § 2254 habeas corpus relief must be dismissed, with prejudice.

## I. State Court Proceedings

As noted above, Saunders was charged in case number CR07-000101-01 with possession of cocaine with the intent to distribute, while in case number CR07-000101-02 he was charged with possession of schedule I or II drug while in possession of a firearm. Following a bench trial, Saunders was convicted of both offenses on October 16, 2007. Pet. at 1 - 2. Saunders appealed his convictions, arguing that a motion to suppress an unlawful search and seizure was wrongfully denied. The Court of Appeals of Virginia denied relief on June 5, 2008. Saunders v. Commonwealth, R. No. 0766-08-2 (Va. Ct. App. June 5, 2008); Pet. at 3. The Supreme Court of Virginia subsequently refused Saunders' petition for further review. Saunders v. Commonwealth, R. No. 081159 (Va. Jan. 6, 2009); Pet. at 3.[3]

---

[2]See Houston v. Lack, 487 U.S. 266 (1988) (holding that documents submitted to a federal court by a prisoner are deemed filed when properly delivered to prison officials for mailing).

[3]It appears that the direct appeal encompassed both of Saunders' convictions. The Virginia Courts Case Information website lists only a single appeal for appellant Steven L. Saunders at the Court of Appeals of Virginia, and Saunders reports here that the same claim regarding the denial of his motion to suppress was raised as to both the possession of cocaine conviction and the firearm

Saunders thereafter filed separate petitions for state writs of habeas corpus as to his two convictions with the Supreme Court of Virginia. On February 26, 2009, petitioner applied for habeas corpus relief from his firearms conviction, arguing that he was denied effective assistance of counsel because his lawyer failed to obtain the proper legal documents to prove that the firearms were licensed, and never objected to the conviction on the firearms charge. The Supreme Court dismissed the petition, holding that Saunders' claim failed to satisfy the two-prong test for ineffective assistance of counsel enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Saunders v. Dir., Dep't of Corrections, R. No. 090477 (Aug. 17, 2009), attachment to ECF #1.

As to his conviction of possession of cocaine, Saunders sought habeas corpus relief on the grounds that: (1) the presiding judge had no knowledge of the Fourth Amendment and should have recused himself; (2) the court reporter failed to record pertinent statements, so the trial transcript contained "typographic" errors; (3) he received ineffective assistance of counsel because his lawyer never objected to the prosecutor's proffer of the evidence after the motion to suppress was denied; (4) he was denied effective assistance when his attorney failed to challenge the search warrant; (5) the search warrant executed by the Colonial Heights Police Department had expired before the search was executed; (6) the search warrant showed no items that were seized pursuant to its authority; (7) he received ineffective assistance of appellate counsel because counsel failed to request review by a three-judge panel of the Court of Appeals; and (8) his right to petition a court for redress was denied when the Supreme Court of Virginia refused his petition for direct appeal. The Supreme Court dismissed the petition, holding that claims 1, 2, 5, 6 and 8 were procedurally barred from

---

conviction. Pet. at 3, 11.

4

consideration in a habeas proceeding,[4] and that claims 3, 4 and 7 were without merit as failing to satisfy the Strickland analysis. Saunders v. Dir., Dep't of Corrections, R. No. 090599 (Aug. 17, 2009), attachment to ECF #1. Saunders then turned to the federal forum and filed this proceeding on October 19, 2009.

## II. Possession Of Cocaine, Case No. CR07-000101-01

Saunders seeks habeas corpus relief pursuant to § 2254 from his conviction of possession of cocaine with intent to distribute on the following grounds:

> 1. The denial of his motion to suppress an illegal search and seizure violated his rights under the Fourth Amendment to the United States Constitution.
>
> 2. The search warrant was invalid, in violation of Article I, Section 10 of the Virginia Constitution.
>
> 3. The search warrant expired before it was executed, in violation of state and federal law.

Because claims 1 and 2 are not cognizable predicates for federal habeas corpus relief, and claim 3 is procedurally defaulted from federal consideration, relief must be denied.

In his first claim, Saunders asserts that his rights under the Fourth Amendment were violated by an unlawful search and seizure. In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Pursuant

---

[4]The Supreme Court found expressly that claims 1, 2, 5 and 6 were non-jurisdictional issues that could have been raised at trial and on direct appeal and hence were not cognizable in a petition for writ of habeas corpus, and that claim 8 was barred because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal.

to Stone, a federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that a Fourth Amendment violation did occur but was harmless, unless it determines that the state did not provide the petitioner an opportunity for full and fair litigation of that claim. Hughes v. Dretke, 412 F.3d 582 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit Court of Appeals has observed, "Stone ... marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982).

In this case, Saunders unsuccessfully challenged the denial of his motion to suppress on direct appeal. Thereafter, he argued in his petition for a state writ of habeas corpus both that the trial judge "had no knowledge of the Fourth Amendment" and consequently wrongly overruled the motion to suppress, and that trial counsel provided ineffective assistance with respect to challenging the lawfulness of the search. Importantly, the Supreme Court of Virginia rejected both contentions, finding that the first was barred and that the allegations regarding counsel's performance satisfied neither prong of the two-part test for ineffective assistance of counsel enunciated in Strickland, 466 at 668. Saunders, R. No. 090599, slip op. at 1 - 3. Therefore, it is apparent that the Commonwealth provided petitioner with an ample and appropriate opportunity for full and fair litigation of his Fourth Amendment claim. Hughes, 412 F.3d at 582. Accordingly, Stone precludes federal habeas corpus review of this claim.

In his second claim, Saunders argues that the allegedly invalid search warrant violated the Virginia Constitution. Even if true, such a circumstance provides no basis for relief under § 2254. It is well established that the scope of federal habeas review is limited to questions of the federal

Constitution or laws, and does not extend to the examination of a state court's interpretation and application of a state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Saunders states that he unsuccessfully raised his state constitutional challenge to the search warrant on direct appeal, Pet. at 7-8, but the appeal was dismissed. Because Saunders' second claim rests solely on an alleged misapplication of Virginia law which was rejected by the Virginia courts, his claim states no basis for § 2254 relief and must be dismissed.

In his third claim, Saunders contends that the search warrant had expired and hence was invalid because thirteen days elapsed before it was executed, in violation of both state and federal law. When Saunders first made this argument in his application for a state writ of habeas corpus, the Supreme Court of Virginia, relying on Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E. 2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975), found that the claim was "barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus." Saunders, R. No. 090599, slip op. at 4. This express finding of procedural bar by the Virginia court also precludes federal review of the claim.

A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must rely explicitly on a procedural ground to deny a § 2254 petitioner relief, and second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements are met, a federal court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489

U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Because the Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision," Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997), those requirements are met here, and Saunders' third claim hence is procedurally defaulted from federal review.

In the Order of November 2, 2009, Saunders was provided with the opportunity to show cause why his third claim should not be dismissed as procedurally defaulted, in accord with Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). In his Response to the Order, Saunders argues that the default of his third claim in the state forum was caused by ineffective assistance of counsel, because his attorney failed to object to the execution of the allegedly expired search warrant. ECF # 4. However, as such a claim of ineffective representation has not been presented to and exhausted in the state courts, it is both unexhausted and defaulted, and it cannot serve as cause for the procedural default of the third claim of this petition. Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990).[5] Thus, the third claim of this petition is procedurally barred

---

[5]To be sure, petitioner did argue in his state habeas corpus proceeding that trial counsel provided ineffective assistance by not challenging the search warrant. However, there petitioner faulted counsel for failing to assert that there were "no facts supporting the issuance of the warrant,

8

from consideration on the merits, and must be dismissed.

### III. Possession Of a Firearm, Case No. CR07-000101-02

As to his conviction of possession of a schedule I or II drug while in possession of a firearm, Saunders seeks federal relief on the following ground:

> 4. The prohibition against double jeopardy was violated when he was charged with two crimes arising out of the same act.

In the Order of March 4, 2011, it was noted that this claim appeared to be unexhausted.[6] On the face of his petition, Saunders explained that he asked his attorney to argue this point, but counsel "only argued the Motion to Suppress." ECF #1 at 11. In the ensuing direct appeal, Saunders again asked counsel to raise the issue, but counsel denied that request. Id. Subsequently, in its Order dismissing Saunders' state habeas corpus petition, the Supreme Court of Virginia discussed and rejected only the claim that counsel rendered ineffective assistance by failing to obtain the proper

---

as petitioner had no part criminal history for distribution and Officer Chimera did not allege criminal activities occurring at petitioner's residence." Saunders, R. No. 090599, slip op. at 3. Thus, the ineffective assistance argument petitioner makes here to attempt to show cause for his default of claim three - namely, that counsel should have challenged the lawfulness of executing an expired search warrant - is distinct from the claim that was raised and rejected in the state forum. See Duncan v. Henry, 513 U.S. 364 (1995) (federal habeas claim is exhausted only when the same factual and legal arguments were first raised in the state courts).

[6]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

legal documents to prove that the firearms were licensed or to object to the conviction on the firearms charge. No mention was made of any double jeopardy argument, nor of any claim that was raised but not discussed. Saunders, R. No. 090477. It appeared that Saunders may have attempted to add his double jeopardy argument to his state habeas corpus proceeding in a letter, because he states that he "filed a writ of habeas corpus appeal to exhaust the state remedies. In result, the court stated that the deadline expired. If the court would have accepted the letter to appeal, petitioner would have met the deadline." ECF # 1 at 12, ¶ 12(e). Under these circumstances, in deference to his pro se status, Saunders was directed to clarify whether his fourth claim was raised in his state habeas corpus proceedings. ECF # 19.

In addition, it was explained in the March 4 Order that if claim 4 was not properly presented to the Supreme Court of Virginia, it is now procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas applications. Because "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim," Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), claim 4 appeared to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Accordingly, Saunders was allowed the opportunity to show cause why his fourth claim should not be dismissed as procedurally defaulted. ECF # 19.

In his response to the March 4 Order, Saunders states that he has "miscommunicated" with this Court as the result of "ongoing and egregious interference by Virginia officials with his efforts to litigate his habeas corpus claims." ECF # 20 at 2 - 3. Saunders avers that "his habeas claims are

effectively claims of constitutionally deficient representation by legal counsel, but ... because of the noted state interference with his ability to effectively prepare and present those claims, he has been forced by the state into a posture of procedural default on those claims." Id. at 3 - 4. Attached to the response is an affidavit by Saunders, in which he attests that after his direct appeals, during the period when he was preparing his state habeas corpus petitions, he was confined at the James River Work Center, where he was "consistently denied access to the law library and prevented from pursuing [his] habeas corpus claims because the facility administration closed the law library to inmates after the former law librarian was accused of using the computer in that area." According to Saunders, he was denied law library access for "nearly a year," which prevented him from researching and preparing "meaningful habeas corpus pleadings." ECF # 20, Aff. at ¶¶ 3 - 6.

To the extent that Saunders' argument is comprehensible, it falls short of overcoming the procedural default of his claim of a double jeopardy violation.[7] Apparently, Saunders intends to assert that the cause for his procedural default was his inability to access the law library at his place of confinement, which impeded his ability to formulate "meaningful" claims. See Coleman, 501 U.S. at 753-54. However, his argument is unavailing for at least three reasons. First, Saunders' contentions are expressed in wholly conclusory terms. He does not explain in any detail whatever the manner in which his alleged inability to access the law library prevented him from raising meritorious habeas claims, nor does he define what claims he otherwise would have raised that would have been more "meaningful." Such conclusory and unexplained allegations do not suffice to show cause to overcome a procedural default.

---

[7]Notably, Saunders does not dispute the understanding expressed in the Order of March 4 that his fourth claim was not exhausted in his state court proceedings.

Moreover, even were it expressed in more specific terms, Saunders' explanation for his default of claim 4 is substantively flawed. Saunders states expressly that the denial of access to the law library occurred "after [his] direct appeals had been denied." ECF # 20, Aff. at ¶ 2. However, a claim of a double jeopardy violation such as Saunders expresses here appropriately is brought in Virginia in a direct appeal proceeding. See, e.g., Jones v. Sussex I State Prison, 591 F.3d 707 (4th Cir. 2010). Thus, taking as true Saunders' statement that he was prevented from using the law library after his direct appeal had concluded, it was already too late for him to bring a double jeopardy claim in a procedurally appropriate manner. In other words, his inability to access the law library during the period he specifies was irrelevant to the default of his fourth claim.

Third, read very liberally, Saunders' reference to his habeas claims being "effectively claims of constitutionally deficient representation by legal counsel" may have been intended to suggest that the failure to bring his current double jeopardy claim on direct appeal was the result of ineffective assistance by his attorney. If so, Saunders' argument fails. As noted above, in order for ineffective assistance to provide the cause for a procedural default, the petitioner must not also have defaulted the independent claim of ineffective assistance. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Here, the opinions of the Supreme Court of Virginia from Saunders' collateral proceedings reflect no such claim. Moreover, it is apparent that had Saunders made such an argument, it would have been correctly rejected. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S.

at 694. Here, had counsel argued on direct appeal that the prohibition against double jeopardy is offended by convictions of possession with intent to distribute cocaine and possession of a schedule I or II drug while in possession of a firearm violate, the outcome of the appeal would have been the same.

The Fifth Amendment provides, in pertinent part, that "[n]o person shall ... be subject for the same offense to be put twice in jeopardy of life or limb." U.S. Const., Amend. V. This guarantee applies to the states through the due process clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 787 (1969). When a defendant is convicted for two crimes based on identical conduct, the Fifth Amendment requires the court to determine "whether the legislature ... intended that each violation be a separate offense." Garrett v. United States, 471 U.S. 773, 778 (1985). If the legislature intended each violation to be a separate offense, multiple punishments do not offend double jeopardy principles. In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court articulated what remains the appropriate test to ascertain whether two offenses are the same for double jeopardy purposes. United States v. Dixon, 509 U.S. 688 (1993). To determine whether separate sanctions may lawfully be imposed for multiple offenses arising in the course of a single act or transaction, a court must inquire whether each offense "requires proof of a fact which the other does not." If each offense contains a distinct statutory element, the Blockburger test for separate offenses is satisfied, even if there is a substantial overlap in the proof offered to establish the crimes. Whittlesey v. Conroy, 301 F.3d 213 (4th Cir. 2002), cert. denied, 538 U.S. 930 (2003).

Here, under Virginia Code § 18.2-248, there is no requirement that a defendant possess a firearm in order to be convicted of possession of cocaine with intent to distribute. However, under Virginia Code § 18.2-308.4, a person to be guilty of possession of a schedule I or II drug while in possession

of a firearm must simultaneously be "unlawfully in possession of a controlled substance" and "with knowledge and intent possess any firearm." Clearly, then, conviction under both of these provisions does not offend the double jeopardy principle. Cf. Blockburger, supra. Therefore, counsel's failure to make a double jeopardy argument on direct appeal did not constitute ineffective assistance and so cannot establish cause for Saunders' procedural default of the fourth claim of this federal petition. Accordingly, that claim must be dismissed.

### IV. Conclusion

For the foregoing reasons, the Memorandum Opinion and Order previously entered in this action shall be vacated, and this Memorandum Opinion and the accompanying Order shall be substituted. The petition for § 2254 habeas corpus relief must be dismissed with prejudice, and the Clerk will be directed to transfer the case back to the United States Court of Appeals for the Fourth Circuit for further consideration.

Entered this 21st day of April 2011.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge